SUMMERS, J.,
concurring. I am of the opinion the money judgment awarded defendants the interest which defendants contend is due.
DENNIS, J., is of the opinion the writ should be granted.”[2]
Defendants contend that this action had the effect of a summary judgment amending the decision of the Court of Appeal so as to allow them interest from October, 1972. The lower court did not agree nor do we.
Admittedly, the Supreme Court has supervisory power over all other courts.[3] *358 Its rules allow the grant of summary relief when a writ is granted.[4] In the instant case, however, the writ was denied. The concurring additional reasons, even if subject to the interpretation made by defendants, do not outweigh the positive effect of:
“Writ denied. The result is correct.”
This left effective the judgment of the Court of Appeal allowing interest only from the date of judgment. The lower court was correct in denying the relief sought.
AFFIRMED.

.Art. 5, Sec. 5(A), LSA Const. (1974):
“Section 5. (A) * * * The Supreme Court has general supervisory jurisdiction over all other courts. It may establish proce *358 dural and administrative rules not in conflict with law . . .

. Rule X, Sec. 3 of the Louisiana Supreme Court Rules:
“Section 3.
******
(b) At the time the writ is granted, the court may order summary relief. * * * ”